1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

**SAN FRANCISCO DIVISION**

12

MARK HAINES,

Case No. 11-cv-01335 YGR

13

       Plaintiff,

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' REQUEST FOR HAINES' MEDICAL RECORDS AND TO DENY HAINES' REQUEST FOR APPEARING TELEPHONICALLY AT HIS DEPOSITION**

14

    v.

15

DARYL B. BRAND and others,

16

       Defendants.

Re: Dkt. Nos. 66, 67

17
18

      The parties filed separate discovery letter briefs in which they present two discovery

19

disputes. The first dispute concerns defendants' request for the release of Haines' medical

20

records from a health care provider named Alta Bates Medical Center. The second dispute

21

concerns Haines' request to be deposed telephonically. Both disputes were referred to this Court

22

by District Judge Gonzalez Rogers for a report and recommendation. Dkt. No. 69. The Court

23

recommends that District Judge Gonzalez Rogers grant defendants' request for the release of

24

Haines' medical records, as the records are relevant to the claims and defenses in this action and

25

any privilege that applies to the records was waived by Haines. The Court further recommends

26

that District Judge Gonzalez Rogers deny Haines' request to be deposed telephonically, as he has

27

not established good cause for doing so.

28

//

1

**I. BACKGROUND**

2

**A.    Summary of Haines' claims against defendants**

3         Haines, who is appearing pro se, is an "unemployed transient who routinely travels and

4    sleeps in his car."  Second Am. Compl. ¶ 11, Dkt. No. 56.  Defendants Daryl B. Brand, David

5    Wee, Harvey S. Tureck, and Fred Madrano are current or former employees of the City of

6    Berkeley, which operates the Berkeley Free Clinic (BFC) and also is a defendant in this case.  *Id.*

7    ¶¶ 6-10.

8         Haines claims that when he went to the BFC to seek information and emotional support on

9    December 4, 2009, defendants allegedly detained him for twelve hours under California's

10   Welfare and Institutions Code § 5150 without having probable cause to do so.  *Id.* ¶¶ 11-90.

11   Haines further claims that during his detention, defendants drew blood from him, physically

12   restrained him, and conducted medical and psychiatric evaluations of him without his consent.

13   *Id.* ¶¶ 124-184.

14        Haines brings five claims against defendants in his second amended complaint: (1) count

15   one is for violations of 42 U.S.C. § 1983; (2) count two is for violations of the Due Process

16   Clause of the Fourteenth Amendment; (3) count three is for violations of the Equal Protection

17   Clause of the Fourteenth Amendment; (4) count four is for false imprisonment in violation of

18   California law; and (5) count five is for intentional infliction of emotional distress in violation of

19   California law.

20        Defendants' motion to dismiss Haines' second amended complaint is scheduled for a

21   hearing before District Judge Gonzalez Rogers on June 19, 2012.  Dkt. Nos. 57, 59.

22   **B.    The discovery disputes at issue**

23         1.    Haines' medical records

24        Defendants claim to have given notice to Haines and District Judge Chen, who was

25   previously assigned to this action, of their intent to obtain Haines' medical records from each of

26   the medical service providers mentioned in the operative complaint.  Dkt. No. 66 at 1.

27   Defendants sent proposed medical releases to Haines, but Haines refused to sign any of them

28   even though defendants narrowed the scope of the releases at Haines' request.  *Id.*

1  Defendants issued a subpoena to Alta Bates Medical Center calling for Haines' medical

2  records from December 4 and 5, 2009.  *Id.* at 1-2.  The medical records requested in the

3  subpoena include "all health, medical and/or mental health records, including all electronically

4  stored information, related to any service and/or treatment of Mark Haines on or around

5  December 4, 2009 and/or December 5, 2009."  Dkt. No. 66, Ex. A at 4.  The subpoena also

6  requests "all billing records reflecting services provided to Mark Haines on December 4 and 5,

7  2009."  *Id.*  Alta Bates refused to produce Haines' medical records in accordance with the

8  subpoena because it requires a medical release signed by Haines as a condition to releasing

9  Haines' medical records.  *Id.* at 2.

10  Defendants seek an order compelling Alta Bates to release Haines' medical records in

11  accordance with the subpoena.  Dkt. No. 66 at 3.  Defendants argue that the records are relevant

12  to the claims in the operative complaint because such claims are based in part on Haines'

13  involuntary detention and evaluation at Alta Bates.  *Id.* at 2.  Defendants further argue that the

14  records are relevant to their defenses against Haines' claims, because the records contain

15  information with respect to Haines' demeanor, conduct, and possible intoxication at the time of

16  his involuntary detention.  *Id.*  Defendants also contend that Haines has waived privilege as to the

17  records because he put his detention and treatment at Alta Bates at issue in the operative

18  complaint.  *Id.* at 3.  Defendants add that Haines never signed a proposed protective order they

19  sent to Haines.  *Id.*

20  Haines opposes the release of his medical records, arguing that any medical records

21  created after he was involuntarily detained are irrelevant to his claims against defendants, as these

22  records do not show whether defendants had probable cause to detain him under California's

23  Welfare and Institutions Code § 5150.  Dkt. No. 67 at 1.  Haines further argues that defendants'

24  subpoena is abusive based on Supreme Court precedent and the discovery rules, as his records are

25  privileged and confidential.  *Id.* at 2.  Haines claims that he sent a proposed protective order to

26  defendants but that they "made no response."  *Id.* at 6.  Haines requests that the District Court

27  enter a standard protective order that classifies any released medical records as confidential.  *Id.*

28  //

2.     Haines' deposition

Defendants noticed Haines' deposition for May 15, 2012, at 10:00 a.m., at the Berkeley Civic Center.  Dkt. No. 66 at 4.  Defendants noticed the deposition to be recorded stenographically and by video.  *Id.*

Haines requests that his deposition be taken telephonically rather than by videotape.  Dkt. No. 67 at 6.  He argues that "he has serious privacy concerns about the taking of his deposition" and that "records created or sought to be created by the unlimited taking [of his] deposition testimony are likewise only potentially relevant to the claims Defendants seek to have dismissed." *Id.* at 1, 6.

Defendants oppose the request, arguing that the timing and scope of Haines' deposition as stated in the deposition notice does not exceed the provisions of the discovery rules.  Dkt. No. 66 at 4.  Defendants further contend that Haines has provided no grounds for conducting his deposition telephonically.  Defendants note that Haines lives in his car in Berkeley and has not expressed any difficulty in traveling to the Berkeley Civic Center for his deposition.  *Id.* Defendants also note that Haines' lack of representation and housing situation "make a telephonic deposition unworkable." *Id.*

3.     Judge Chen's order concerning Haines' deposition and medical records

Before this action was reassigned to District Judge Gonzalez Rogers, District Judge Chen held an initial case management conference.  CMC Minutes, Dkt. No. 49.  During the conference, Judge Chen allowed defendants take Haines' deposition and ordered the parties to agree on a stipulated protective order that would govern the production of Haines' medical records.  *See id.* ("Defendants may take plaintiff's deposition.  Parties shall meet and confer to agree on a stipulated protective order regarding production of plaintiff's medical records.").

**II. DISCUSSION**

**A.     Haines' medical records should be produced by Alta Bates Medical Center**

1.     The medical records at issue are relevant the claims and defenses in this action

A party may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense.  FED. R. CIV. P. 26(b)(1).  "Relevant information need not be admissible

1   at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

2   evidence." *Id.*

3         Here, Haines's medical records fall within the scope of discoverable information under

4   Rule 26, because the records are relevant to each of the claims that Haines brings against

5   defendants.  Each of the claims in the operative complaint is based on defendants' allegedly

6   wrongful detention, treatment, and evaluation of Haines.  Second Am. Comp. ¶¶ 165-210.  Haines

7   claims that defendants lacked probable cause to detain, treat, or evaluate him based on

8   California's Welfare and Institutions Code § 5150, which allows certain persons "upon probable

9   cause" to detain, treat, and evaluate for seventy-two hours any person believed to be a danger to

10  himself as a result of a mental disorder.  CAL. WELF. & INST. CODE § 5150.  Whether defendants'

11  detention, treatment, or evaluation of Haines was unlawful depends on whether defendants

12  actually had probable cause to believe that Haines was a danger to himself as a result of a mental

13  disorder.  The medical records requested by defendants are reasonably calculated to lead to the

14  discovery of admissible evidence on this issue.

15        2.      Haines waived any privilege applicable to the medical records at issue

16        When a plaintiff puts his medical records at issue by bringing claims against his medical

17  services providers based on allegations of unlawful involuntary detention in violation of

18  California's Welfare and Institutions Code § 5150, the plaintiff waives privilege to any medical

19  records that are relevant to his claims against the providers.  *See, e.g.*, *Rhodes v. County of

20  Placer*, 09-cv-00489, 2011 WL 130160, at *5 (E.D. Cal. Jan. 14, 2011) (holding that the plaintiff

21  waived privilege to her medical records by bringing claims against her medical service providers

22  based on alleged violations of § 5150, as the plaintiff's complaint relies the plaintiffs' privileged

23  communications with the providers).

24        Here, Haines put his medical records at issue by bringing claims against defendants based

25  on defendants' detention, treatment, and evaluation of Haines under § 5150.  Consequently,

26  Haines has waived any privilege with respect to any medical records that are relevant to these

27  claims.

28        The Court finds that the scope of the medical records that defendants seek to obtain from

Case No. 11-cv-01335 YGR
REPORT AND RECOMMENDATION          5

1    Alta Bates is appropriate, as defendants seek records generated on December 4 and 5, 2009,

2    which are the dates during which Haines claims to have been detained by defendants.

3    Accordingly, this Court recommends that District Judge Gonzalez Rogers enter an order

4    compelling Alta Bates to release Haines' medical records in accordance with the subpoena

5    defendants served on Alta Bates.  *See* CAL. CIV. CODE § 56.10(b)(1) (noting that a health care

6    provider may disclose a patient's medical information if it is compelled to do so by court order).

7    **B.      Haines has not shown good cause for conducting his deposition telephonically**

8         A party noticing the deposition of another party may set the place of the deposition.  FED.

9    R. CIV. P. 30(b)(1).  A party noticing the deposition of another party also may set the method for

10   recording the testimony.  FED. R. CIV. P. 30(b)(3)(A).  "Unless the court orders otherwise,

11   testimony may be recorded by audio, audiovisual, or stenographic means."  *Id.*

12        Here, Haines has not established grounds for conducting his deposition telephonically, as

13   he presents no facts showing that attending his deposition in person would cause him hardship of

14   any sort.  Indeed, Haines lives in Berkeley, which is where the deposition is scheduled to take

15   place.  Haines' reluctance to be deposed in person appears to be based on defendants' intent to

16   record his testimony by video.  *See* Dkt. No. 67 at 1 (noting that Haines "has serious privacy

17   concerns about the taking of his deposition noticed for May 15, 2012"); *id.* at 7 (requesting that

18   his deposition "be taken by telephone rather than videotape").  Because this case is based on

19   claims arising out of an involuntary detention under § 5150, the Court finds that good cause exists

20   for allowing defendants to record Haines' deposition by video.  Accordingly, the Court

21   recommends that District Judge Gonzalez Rogers require Haines to attend his deposition in

22   person and order that the deposition be recorded by video and stenographically.

23   *//*

### III. CONCLUSION

Because Haines' medical records are relevant to the claims and defenses in this action, and because Haines waived any privilege to the records by putting them at issue in the operative complaint, the Court recommends that District Judge Gonzalez Rogers issue an order compelling Alta Bates Medical Center to release Haines' medical records in accordance with the subpoena defendants issued to Alta Bates. *See* Subpoena, Dkt. No. 66, Ex. A at 4 (requesting "all health, medical and/or mental health records, including all electronically stored information, related to any service and/or treatment of Mark Haines on or around December 4, 2009 and/or December 5, 2009," and "all billing records reflecting services provided to Mark Haines on December 4 and 5, 2009"). The Court also recommends that District Judge Gonzalez Rogers require the parties to file in ECF a stipulated protective order that incorporates Haines' proposals with respect to the use of his medical records in this litigation. *See* Proposed Modifications to Protective Order, Nos. 1-4, Dkt. No. 67 at 6.

The Court further recommends that District Judge Gonzalez Rogers order Haines to appear in person at his deposition and order that Haines' deposition be recorded by video and stenographically.

The parties may file objections to this report and recommendation within fourteen days of the date this order is filed. *See* FED. R. CIV. P. 72(b).

IT IS SO ORDERED.

Date: May 13, 2012

Nathanael M. Cousins
United States Magistrate Judge