UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HAINES,<br><br>       Plaintiff,<br><br>vs.<br><br>DARYL B. BRAND, MFT *et al.*,<br><br>       Defendants. | Case No.: 11-CV-01335 YGR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Plaintiff Mark Haines alleges that his Fourth and Fourteenth Amendment rights were violated when he was taken into custody pursuant to California Welfare and Institutions Code § 5150,[1] and transported to Alta Bates Medical Center for a 72-hour observation. Haines has sued Daryl Brand, a City of Berkeley mental health clinician who made the decision to detain Haines, the supervisor and managers in Brand's reporting chain, David Wee, Harvey Tureck and Fred Medrano, and the City of Berkeley.[2] Plaintiff's Second Amended Complaint alleges five causes of action: (1) violation of the Fourth Amendment to the Constitution of the United States against Brand, in her individual and official capacities, and against the City of Berkeley; (2) Deprivation of Due Process under the Fourteenth Amendment to the United States Constitution against Brand, individually and in her official capacity, and against Wee in his official capacity as supervisor of Brand; (3) Denial of Equal Protection under the Fourteenth Amendment to the United States Constitution against Tureck and

---

[1] California Welfare and Institutions Code § 5150 (referred to herein as "Section 5150") authorizes arrest where a person poses a danger to himself or others. More specifically, pursuant to Section 5150, an individual may be taken into custody and placed in an appropriate facility for observation and treatment when officials have probable cause to believe that the person, "as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled." Cal. Welf. & Inst. Code § 5150.

[2] Defendants Daryl B. Brand, David Wee, Harvey S. Tureck, and Fred Madrano are current or former employees of the City of Berkeley, which operates the Berkeley Free Clinic ("BFC") and also is a Defendant in this case. Second Amended Complaint ¶¶ 6-10.

Medrano in their official capacities as administrators for the City of Berkeley, all pursuant to 42 U.S.C. § 1983[3]; and state law claims for (4) False Imprisonment against Brand in her individual capacity; and (5) Intentional Infliction of Emotional Distress against Brand in her individual capacity.

Defendants have moved to dismiss the Second through Fifth causes of action on the grounds that the Second and Third causes of action fail to state a claim, the Fourth cause of action was already dismissed without leave to amend, and the Defendant is entitled to absolute or qualified immunity as to the Fourth and Fifth causes of action.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss **WITH LEAVE TO AMEND** the Second, Third and Fourth Causes of Action. Plaintiff's Fifth Cause of Action for Intentional Infliction of Emotional Distress is **DISMISSED WITH PREJUDICE**, again.[4]

**I.   BACKGROUND**

Haines, who is proceeding *pro se*, alleges as follows: Plaintiff is an "unemployed transient who routinely travels and sleeps in his car." Second Amended Complaint ("SAC") ¶ 11, Dkt. No. 56. At approximately 5:45 p.m. on Friday, December 4, 2009, Plaintiff walked into the Berkeley Free Clinic ("BFC") in response to a handbill advertising "peer counseling." *Id.* ¶¶ 14, 15. Plaintiff was suffering from an upper respiratory tract infection, fatigue, hunger, frustration and anxiety, and was looking for emotional support to speak about personal emotional matters, including his frustration and anxiety. *Id.* ¶¶ 19-23. Plaintiff was informed that no peer counselor was available, and he waited for a counselor. *Id.* ¶¶ 31-32.

As Haines waited, police officers arrived at BFC, one of whom Plaintiff alleges prevented him from leaving and told him to "stay inside" when Plaintiff attempted to go outside to smoke a cigarette.

---

[3] Section 1983 provides that:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
    42 U.S.C. § 1983.

[4] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on June 19, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for June, 19 2012.

*Id.* ¶¶ 36-46.  Defendant Daryl Brand then arrived and escorted him to an interview room along with the officers.  *Id*. ¶¶ 50-57.  At this point Plaintiff believed he was under arrest.  *Id*. ¶ 53.

Brand asked Plaintiff questions and informed Plaintiff that there was a concern "that [he] might want to hurt [himself]."  *Id*. ¶ 60.  Plaintiff responded "I came here for help" and "I came here to talk with a peer counselor about emotional issues."  *Id*. ¶ 66.  In response to further questioning by Brand, Plaintiff asserted his right to remain silent and asked to consult an attorney.  *Id*. ¶ 72.  Thereafter Haines refused to answer further questions from Brand and refused to sign a "contract for safety," asserting that he required a lawyer before signing anything and that he had a "right to remain silent."  *Id*. ¶¶ 85-89.  After further attempts to engage Plaintiff in conversation and get him to sign the contract for safety, Brand then applied for Plaintiff's involuntary psychiatric examination under California Welfare and Institutions Code § 5150.  *Id*. ¶¶ 90-113.  Plaintiff asserts that Defendant Brand subjected him to police detention and psychiatric evaluation without probable cause.  *Id.* ¶ 167.

Plaintiff was searched and escorted outside the clinic to an ambulance parked outside.  *Id.* ¶¶ 109-123.  His pocket knife was seized.  *Id*. ¶ 118.  Plaintiff was then taken to Alta Bates Hospital, where he was held and offered food, and where staff asked him further questions and drew his blood over his objections.  *Id.* ¶¶ 124-144.  He was later transferred early Saturday morning, December 5, 2009, to the John George Psychiatric Pavilion.  *Id.* ¶ 148.  At about 5:30 a.m. that day, Dr. Schwartz interviewed Plaintiff and told him he was "free to go."  *Id.* ¶¶ 154-56.  He was released at 6:00 a.m.  *Id.* ¶ 157.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  All allegations of material fact are taken as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Although "detailed factual allegations" are not required, a Plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted).  In considering a motion to dismiss, the Court starts by identifying the legally conclusory statements; these are not entitled to the assumption of truth.  *See Ashcroft v. Iqbal*, 556

U.S. 662, 678-79 (2009) ("legal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations"). Then the court should assume the veracity of the well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting *Twombly*, *supra*, 550 U.S. at 558-59).

Ordinarily, a *pro se* complaint will be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson*, *supra*, 551 U.S. at 94. The Ninth Circuit has clarified that courts "continue to construe *pro se* filings liberally when evaluating them under *Iqbal.* While the standard is higher, our 'obligation' remains, 'where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*)). The Court's obligation, however, is not to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (*per curiam*) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure.").

## III.   DISCUSSION

Plaintiff's first cause of action alleges that he was arrested pursuant to Section 5150 without probable cause. Judge Chen previously held that Plaintiff stated a Fourth Amendment claim on this basis and Defendants do not move to dismiss the claim here.

### A.   SECOND CAUSE OF ACTION – DUE PROCESS (AGAINST DEFENDANTS BRAND AND WEE)

The due process clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. This clause has a procedural and substantive component, both of which safeguard the individual against arbitrary government action. While procedural due process ensures adequate procedures are in place before the government may deprive someone of a protected liberty interest, substantive due process prevents the government from engaging in conduct that "shocks the conscience." *See County*

*of Sacramento v. Lewis*, 523 U.S. 833, 846-49 (1998) (discussing abusive conduct "that shocks the conscience" and violates the "decencies of civilized conduct").

The Due Process violation alleged in the Second Cause of Action is predicated on the Fourth Amendment claim, alleging that Plaintiff has a due process right to be free from unreasonable seizures. It is not clear whether Haines' claim arises under the procedural or substantive component of the due process clause. Haines merely alleges that "BRAND failed and refused to protect Plaintiff['s] . . . right to be free from unreasonable search and seizures," and therefore, Brand "deprived him of due process under the Fourteenth Amendment." SAC ¶¶ 186-87. Plaintiff also alleges that Brand owed a duty to protect Plaintiff from injury while he was in custody, including protection from unreasonable use of wrist restraints and unreasonable drawing of blood.

Civil commitment for any purpose constitutes a significant deprivation of liberty that must be accompanied by procedural safeguards. *See Addington v. Texas*, 441 U.S. 418, 425 (1979). Procedural due process does not guarantee that the assessment is correct, only that the decision to order emergency commitment be made in accordance with a fair decision-making process.

Haines was detained pursuant to California Welfare and Institution Code §§ 5100 *et seq.*, which provides, in pertinent part, that:

> When any person, as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled, a ... member of the attending staff, as defined by regulation, of an evaluation facility designated by the county, designated members of a mobile crisis team provided by Section 5651.7, or other professional person designated by the county may, upon probable cause, take, or cause to be taken, the person into custody and place him or her in a facility designated by the county and approved by the State Department of Mental Health as a facility for 72-hour treatment and evaluation.

Cal. Welf. & Inst. Code § 5150. No judicial hearing or similar proceeding is required to initiate a 72-hour hold. Haines does not allege that the procedural safeguards set forth in Section 5150 violate constitutional norms of due process.

There is no suggestion that either Brand (or Wee) failed to follow any requisite procedure.[5] In fact, the SAC alleges that Brand went through a custodial checklist, and recited in "phonetic fashion," "Dee tee ess," "Dee tee Oh," and "Gee Dee," which Defendants explain correspond to Danger to Self

---

[5] The only allegation in the SAC that any procedure may not have been followed consists of the allegation that Plaintiff was at Alta Bates Medical Center for several hours before he was advised that he could make a telephone call. SAC ¶ 144.

(DTS), Danger to Others (DTO), and Gravely Disabled (GD). They argue that Brand followed the standard evaluation process in making her assessment that the Section 5150 statutory criteria applied. Defs.' Mot. 7 (quoting SAC ¶ 111). Thus, Plaintiff fails to state a procedural due process claim.

To the extent this claim is brought as a substantive due process claim, because Plaintiff's claim is for injuries suffered as a result of an alleged arrest without probable cause, the claim is properly analyzed under the Fourth Amendment. As Defendants correctly argue, "where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir. 2007); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 841-42 (1998); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). Thus, if Plaintiff seeks to hold Brand or the City of Berkeley liable for any harm he suffered as a result of the arrest, it is properly analyzed under the Fourth Amendment, which, as stated above, remains a viable claim under the First Cause of Action.

The Court finds that Plaintiff has failed to state a claim under the Due Process Clause. Plaintiff already had an opportunity to cure the pleading defects for the due process violations alleged in his FAC. Nevertheless, the Court will provide Plaintiff with one last opportunity to allege a due process violation.

Based on the foregoing analysis, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Due Process cause of action **WITH LEAVE TO AMEND**.

### B. THIRD CAUSE OF ACTION – EQUAL PROTECTION (AGAINST DEFENDANTS TURECK AND MEDRANO)

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND XIV, § 1.

Plaintiff's third cause of action alleges that Defendants Tureck and Medrano violated the Equal Protection Clause of the Fourteenth Amendment because Tureck and Medrano did not discipline Wee, Brand's supervisor, for Wee's failure to train or discipline Brand adequately. SAC ¶ 197. Haines alleges that because Defendants Tureck and Medrano failed to discipline Wee, they

adopted or ratified a policy, practice or custom of the City of Berkeley to detain homeless people within the Telegraph area pursuant to Section 5150 to induce homeless people to stay away from the Telegraph area during the Christmas holiday season.

Liberally construing the allegations in the SAC, Plaintiff alleges that there is a longstanding practice or policy of subjecting homeless people to involuntary psychiatric evaluation to induce homeless people to leave the Telegraph Area of the City of Berkeley during the Christmas holiday shopping season. *See* SAC ¶¶ 162, 170, 198, 206. In dismissing Haines' Equal Protection claim in the FAC, Judge Chen advised Plaintiff that in order to plead a violation of the Equal Protection Clause, he must allege discriminatory intent. Specifically, Judge Chen explained that

> Plaintiff has alleged no discriminatory intent in his FAC. He makes conclusory allegations that Defendants targeted "impoverished, hungry and transient persons of low social status within the Telegraph area," FAC ¶ 249, but provides no factual assertions supporting a claim that any such targeting was "at least in part 'because of,' not merely 'in spite of,' its *adverse* effects upon an identifiable group."

Order Granting in Part and Denying in Part Motion to Dismiss First Amended Complaint, Dkt. No. 44 (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001)).

In the SAC, Plaintiff now alleges that the failure to discipline Wee for failing to discipline Brand for applying inappropriate clinical standards was pursuant to an official practice, policy, and/or custom motivated "at least in part because of rather than in spite of the discriminatory effect" on homeless people. SAC ¶¶ 196-98. This conclusory allegation is insufficient to support an equal protection claim. While the Court recognizes that Plaintiff has made an effort to follow Judge Chen's instructions and has made an attempt to cure the deficiencies in the FAC, the SAC has not cured those deficiencies. These new allegations are not "facts," they are legal conclusions.[6] Plaintiff still "provides no factual assertions supporting a claim that any such targeting was "at least in part 'because of,' not merely 'in spite of,' its *adverse* effects upon an identifiable group." *Lee*, *supra*, 250 F.3d at 687.

---

[6] For example, Plaintiff's first cause of action alleges a Fourth Amendment violation based on lack of probable cause to detain him – that is the legal conclusion. The facts that support the claim include that Plaintiff was detained at Alta Bates and John George Mental Health Pavilion for nearly twelve hours even though he did not evince signs of disordered thinking, verbal or physical outbursts, or signs of previous or current attempts to harm himself.

7

To state an equal protection claim under this theory, Plaintiff will need to allege that detention pursuant to Section 5150 is being used as a pretext to remove homeless people from the Telegraph area. At best, Plaintiff alleges that Brand's belief that homeless people are more likely to be mentally ill increases the risk of an erroneous determination under Section 5150. Simply alleging that Tureck and Medrano did not discipline Wee for not disciplining Brand does not allege that the decision to place homeless people under 72-hour hold is motivated by a discriminatory purpose.

Nevertheless, this raises the possibility that Plaintiff may be able to allege facts to support an equal protection claim. For that reason, the Court will permit Plaintiff to amend the SAC if facts exist to support an equal protection claim. As pled, it appears that the decision to place homeless people under a 72-hour hold is based on a determination that they pose a risk of danger to themselves or others, which does not support an equal protection claim. However, if Plaintiff has facts to support an allegation that the City of Berkeley places homeless people under 72-hold pursuant to Section 5150 as a means to clear the Telegraph area of homeless people during the Christmas holiday shopping season, then he might be able to state an equal protection claim.

Based on the foregoing analysis, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Equal Protection cause of action **WITH LEAVE TO AMEND**.

**C.    FOURTH CAUSE OF ACTION – FALSE IMPRISONMENT (AGAINST DEFENDANT BRAND)**

"False imprisonment is the unlawful violation of the personal liberty of another." Cal. Penal Code § 236. The elements for a tort claim of false imprisonment are: "'1) the nonconsensual, intentional confinement of a person, 2) without lawful privilege, and 3) for an appreciable period of time, however brief.'" *Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1205 (9th Cir. 2003) (quoting *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (Cal. Ct. App. 2000)

Plaintiff alleges that Brand restricted Plaintiff's freedom of movement by use of duress, "Plaintiff did not consent to 'medical clearance' or psychiatric evaluation," "Plaintiff was harmed," and "BRAND's conduct was a substantial factor in causing Plaintiff's harm." SAC ¶¶ 201-4.

Brand argues that she is entitled to statutory immunity insofar as the state tort claims relate to the commitment itself because California, by statute limits liability for a Section 5150 commitment. *See* Cal. Gov't Code §§ 856(a) and 855.6; Cal. Welf. & Inst. Code § 5278. California Government

1 Code Section 856, subdivision (a), in pertinent part, provides: "Neither a public entity nor a public
2 employee acting within the scope of his employment is liable for any injury resulting from
3 determining in accordance with any applicable enactment: (1) Whether to confine a person for mental
4 illness or addiction."[7] Similarly, Section 855.6 provides immunity to a public employee acting within
5 the scope of her employment "for injury caused by the failure . . . to make an adequate . . . mental
6 examination." Additionally, California Welfare and Institutions Code § 5278 provides that
7 "[i]ndividuals authorized to detain a person for treatment and evaluation" under Section 5150 "shall
8 not be held either criminally or civilly liable for exercising this authority in accordance with law."[8]

9     By way of his fourth cause of action, Haines seeks to hold Brand liable for false imprisonment
10 for failing to assess accurately probable cause to detain Haines. Because Haines allegations concern
11 Brand's exercise of statutory authority to detain him, and not any conduct during his detention, all
12 three sources of immunity shield Brand from liability for the decision to confine Haines pursuant to
13 Section 5150. Accordingly, the allegations in the SAC do not overcome Brand's immunity for the
14 state law tort of false imprisonment.

15     Based on the foregoing analysis, the Court **GRANTS** the Motion to Dismiss Plaintiff's False
16 Imprisonment cause of action **WITH LEAVE TO AMEND**.

17     Plaintiff may replead his claim for false imprisonment to allege facts that Brand's decision to
18 detain Haines was not based on a clinical determination pursuant to Section 5150, but rather that
19 detention pursuant to Section 5150 "was a pretext that she asserted based upon Plaintiff's
20 homelessness," *see* SAC ¶ 169, or some other nonclinical reason, if such facts exist.

---

[7] Subdivision (c) provides that "Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission in carrying out or failing to carry out: (1) A determination to confine or not to confine a person for mental illness or addiction." Cal. Gov't Code § 856(c)(1).

[8] Section 5291.1 of the Code provides that "[a]ny individual who is knowingly and willfully responsible for detaining a person in violation of the provisions of this article is liable to that person in civil damages." Construing Sections 5278 and 5291.1 *in pari materia*, California does not recognize negligence liability for a Section 5150 commitment, but it does recognize tort liability for knowing and willful violations of the law. *Carlson v. San Mateo County*, 103 F.3d 137 (9th Cir. 1996) (Table Text). The claim alleges that there was not probable cause to detain Plaintiff but Plaintiff does not allege that the decision to detain him was not done in accordance with law.

### D. FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST DEFENDANT BRAND)

Judge Chen previously dismissed Plaintiff's claim for intentional infliction of emotional distress with prejudice on the basis that the Brand is immune from this state tort law claim; Plaintiff did not seek leave to replead this cause of action.

Therefore, Plaintiff's claim for intentional infliction of emotional distress, which already was dismissed with prejudice, is **DISMISSED WITH PREJUDICE**, again.

## IV. CONCLUSION

The Court **GRANTS** the Motion to Dismiss.

Plaintiff's Second, Third, and Fourth Causes of Action for Due Process Violation, Equal Protection Violation, and False Imprisonment are **DISMISSED WITH LEAVE TO AMEND**.

Plaintiff's Fifth Causes of Action for Intentional Infliction of Emotional Distress is **DISMISSED WITH PREJUDICE**.

By no later than **July 16, 2012**, Plaintiff shall file either: (i) a Third Amended Complaint, or (ii) a statement that he will not file a Third Amended Complaint.

Defendants' response(s) will be due 20 days from service of one the above.

This Order Terminates Docket Number 57.

**IT IS SO ORDERED**.

Dated: June 14, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**