UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HAINES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DARYL B. BRAND, MFT *et al.*,<br><br>　　　　Defendants. | Case No.: 11-CV-01335 YGR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

　　　　Plaintiff Mark Haines ("Haines") alleges that his Fourth and Fourteenth Amendment rights were violated when he was taken into custody pursuant to California Welfare and Institutions Code § 5150,[1] and transported to Alta Bates Medical Center for a 72-hour psychiatric hold. Haines has sued Daryl Brand ("Brand"), a City of Berkeley mental health clinician who made the clinical decision to detain Haines, the supervisor and managers in Brand's reporting chain, namely David Wee ("Wee"), Harvey Tureck ("Tureck") and Fred Medrano ("Medrano"), and the City of Berkeley.[2] Plaintiff's Third Amended Complaint alleges four causes of action: (1) violation of the Fourth Amendment to the Constitution of the United States against Brand, in her individual and official capacities, and against the City of Berkeley; (2) Deprivation of Substantive Due Process rights guaranteed by the Fourteenth Amendment to the United States Constitution against Brand, individually and in her

---

[1] California Welfare and Institutions Code § 5150 (referred to herein as "Section 5150") authorizes arrest where a person poses a danger to himself or others. More specifically, pursuant to Section 5150, an individual may be taken into custody and placed in an appropriate facility for observation and treatment when officials have probable cause to believe that the person, "as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled." Cal. Welf. & Inst. Code § 5150.

[2] Defendants Brand, Wee, Tureck, and Madrano are current or former employees of the City of Berkeley, which both operates the Berkeley Free Clinic and is a Defendant in this case. (Third Amended Complaint ("TAC") ¶¶ 6-10, Dkt. No. 81.)

official capacity, and against Wee in his official capacity as Brand's supervisor; (3) Denial of Equal Protection under the Fourteenth Amendment to the United States Constitution against Tureck and Medrano in their official capacities as administrators for the City of Berkeley, all pursuant to 42 U.S.C. § 1983[3]; and a state law claim for (4) False Imprisonment against Brand in her individual capacity.

Defendants have moved to dismiss the second through fourth causes of action on the grounds that the second and third causes of action fail to state a claim, and Brand is entitled to absolute or qualified immunity as to the fourth cause of action. Haines opposes dismissal of his second cause of action but does not oppose dismissal of the third and fourth causes of action.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss **WITH PREJUDICE**.[4]

I.     BACKGROUND

Haines, who is proceeding *pro se*, alleges as follows: Plaintiff is an "unemployed transient who routinely travels and sleeps in his car." (TAC ¶ 11.) At approximately 5:45 p.m. on Friday, December 4, 2009, Plaintiff walked into the Berkeley Free Clinic ("BFC") in response to a handbill advertising "peer counseling." (*Id.* ¶¶ 14, 16.) Plaintiff was suffering from an upper respiratory tract infection, fatigue, hunger, frustration and anxiety, and was looking for emotional support to speak about personal emotional matters, including his frustration and anxiety. (*Id.* ¶¶ 19-23.) Plaintiff was informed that no peer counselor was then available, and he waited. (*Id.* ¶¶ 27, 31-32.)

As Haines waited, police officers arrived at BFC, one of whom prevented Plaintiff from leaving and told him to "stay inside" when Plaintiff attempted to go outside to smoke a cigarette. (*Id.*

---

[3] Section 1983 provides that:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

[4] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for September 18, 2012.

2

¶¶ 36-46.) Defendant Brand then arrived and escorted him to an interview room along with the police officers. (*Id*. ¶¶ 50-55.) At this point Plaintiff believed he was under arrest. (*Id*. ¶ 53.)

Brand asked Plaintiff questions and informed Plaintiff that there was a concern "that [he] might want to hurt [himself]." (*Id*. ¶ 60.) Plaintiff responded "I came here for help" and "I came here to talk with a peer counselor about emotional issues." (*Id*. ¶ 66.) To dispel any notion of dangerousness on his part, Haines explained to Brand "I'm no danger to myself, or to you, or to anyone else." (*Id.* ¶ 78.) In response to continued questioning by Brand, Plaintiff asserted his right to remain silent and asked to consult an attorney. (*Id*. ¶ 72.) Thereafter Haines refused to answer further questions from Brand and refused to sign a "contract for safety" ("CFS"),[5] asserting that he required a lawyer before signing anything and that he had a "right to remain silent." (*Id*. ¶¶ 82, 85-89.)

Brand advised Haines that "[u]nless you sign the CFS, you could be detained for up to seventy-two (72) hours pursuant to section 5150." (*Id*. ¶ 90.) Plaintiff reiterated his position "that he posed 'no danger to himself or others,' refused to sign the CFS and restated his wish to consult an attorney." (*Id.* ¶¶ 96-103.) Brand informed Haines that he had "no right to an attorney," and then, "as if on cue, one of the police officers donned a pair of blue gloves." (*Id.* ¶ 105.) At this point, Haines was fearful of Brand's and the police officer's intentions, and seeking to regain his liberty, Haines stated in reference to the CFS, "Alright; I'll sign it." (*Id.* ¶¶ 106-08.)

After Haines agreed to sign the CFS, Brand responded "Too late," and then Brand applied for Plaintiff's involuntary psychiatric examination under California Welfare and Institutions Code § 5150. (*Id*. ¶¶ 108-113.) Plaintiff was taken to Alta Bates Hospital, where he was held, asked further questions, and where staff drew his blood over his objections. (*Id*. ¶¶ 124-144.) Early Saturday morning, December 5, 2009, Plaintiff was transferred to the John George Psychiatric Pavilion. (*Id.* ¶ 148.) At about 5:30 a.m. that day, Dr. Schwartz interviewed Plaintiff and told him he was "free to go." (*Id.* ¶¶ 154-56.) Haines was released at 6:00 a.m. (*Id.* ¶ 157.)

---

[5] Haines later learned that a CFS is an agreement not to commit suicide.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although "detailed factual allegations" are not required, a Plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). In considering a motion to dismiss, the Court starts by identifying the legally conclusory statements; these are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("legal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations"). Then the court should assume the veracity of the well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting *Twombly*, *supra*, 550 U.S. at 558-59).

Ordinarily a *pro se* complaint will be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson*, *supra*, 551 U.S. at 94. The Ninth Circuit has clarified that courts "continue to construe *pro se* filings liberally when evaluating them under *Iqbal*. While the standard is higher, our 'obligation' remains, 'where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*)). The Court's obligation, however, is not to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (*per curiam*) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure.").

### III. DISCUSSION

Plaintiff asserts that Defendant Brand subjected him to police detention and psychiatric evaluation without probable cause and in violation of his substantive due process rights. (TAC ¶¶ 179, 221.) Haines alleges that Brand's refusal "to accept Plaintiff's agreement to sign the CFS, considering the totality of the circumstances . . ., was irrational, vindictive and may reasonably be found to shock the conscience." (*Id.* ¶ 201.) Because Defendants do not move to dismiss the first cause of action and Haines does not oppose dismissal of his third or fourth causes of action, the Court will focus its analysis on the sufficiency of Haines' second cause of action for violation of substantive due process.

The due process clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. This clause has a procedural and substantive component, both of which safeguard the individual against arbitrary government action. While procedural due process ensures adequate procedures are in place before the government may deprive someone of a protected liberty interest, substantive due process prevents the government from engaging in conduct that "shocks the conscience." *See County of Sacramento v. Lewis*, 523 U.S. 833, 846-49 (1998) (discussing abusive conduct "that shocks the conscience" and violates the "decencies of civilized conduct"). "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id.* at 840 (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).

Civil commitment for any purpose constitutes a significant deprivation of liberty that must be accompanied by procedural safeguards. *See Addington v. Texas*, 441 U.S. 418, 425 (1979). To comport with due process the committing medical personnel must exercise judgment "on the basis of substantive and procedural criteria that are not substantially below the standards generally accepted in the medical community." *Jensen v. Lane County*, 312 F.3d 1145, 1147 (9th Cir. 2002).

Haines was detained pursuant to California Welfare and Institution Code §§ 5100 *et seq.*, which provides, in pertinent part, that:

> When any person, as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled, a . . . member of the attending staff, as defined by regulation, of an evaluation facility designated by the county, designated members of a

5

> mobile crisis team provided by Section 5651.7, or other professional person designated by the county may, upon probable cause, take, or cause to be taken, the person into custody and place him or her in a facility designated by the county and approved by the State Department of Mental Health as a facility for 72-hour treatment and evaluation.

Cal. Welf. & Inst. Code § 5150.  Haines does not allege that Brand failed to follow the procedures set forth in Section 5150 or that those procedures violate constitutional norms of due process.

Haines' Second Cause of Action seeks to hold Brand individually liable for "irrational and vindictive depravation of substantive due process rights."  (*See* TAC at 20.)  Haines alleges that at the time Brand made the decision to civilly commit him, Brand's judgment was impaired due to personal stress, which "rendered her unfit to safely exercise the authority to cause continued detention pursuant to" Section 5150.  (*Id.* ¶¶ 189-98.)  Furthermore, Plaintiff alleges "[t]hat BRAND refused . . . to accept Plaintiff's agreement to sign the CFS, considering the totality of the circumstances alleged . . ., was irrational, vindictive and may reasonably found to shock the conscience."  (*Id.* ¶ 201.)

Defendants argue that Plaintiff's substantive due process claim fails because a specific constitutional right–the Fourth Amendment right to be free from unreasonable seizures–already exists to protect against the challenged government action.  The Court agrees.

Haines' claim for injuries suffered while in custody is properly analyzed under the Fourth Amendment reasonableness standard.[6]  Haines disputes the accuracy of Brand's determination to detain him for psychiatric evaluation and alleges that her decision was erroneous.  That is, he believes that the decision to detain him for psychiatric evaluation was unreasonable.  Therefore, Haines believes he was detained without probable cause.  To hold Brand or the City of Berkeley liable for any harm he suffered as a result of the detention without probable cause his claim must be brought under the Fourth Amendment.  That is his first cause of action.

Haines argues in his opposition that Brand violated substantive due process based on using inappropriate clinical standards to make her assessment under Section 5150. (Pl.'s Opp'n 16, 17.)

---

[6] Aside from alleging that he has a Fourth Amendment right to be free from unreasonable seizure, the only rights identified are a "clearly established Fourteenth Amendment right to be free from coercive questioning" (TAC ¶¶ 193-96), the "general right to refuse involuntary psychological evaluation or treatment," and "to refuse compelled drawing of his blood" absent medical emergency. (Pl.'s Opp'n 16 n.3, 4.)

He argues that Brand based her diagnosis of danger-to-self on whether Haines would sign a contract for safety, which he now argues is not a valid diagnostic tool. However, this is not alleged in the TAC, and appears to contradict his allegations in the TAC. While the Court is to construe *pro se* pleadings liberally, the Court's obligation, nevertheless, is not to supply facts not pled. *See Ivey*, *supra*, 673 F.2d at 268.

According to the TAC, it was inappropriate for Brand to refuse to accept Plaintiff's agreement to sign the CFS, not that the use of the CFS is an inappropriate diagnostic tool. Indeed, the TAC alleges that the CFS *is* an appropriate diagnostic tool. Plaintiff explains that: "As of 2009, such 'contracts for safety' had been used in a variety of settings to assess suicidality and determine level of care." (Pl.'s Opp'n 9 n.2.) Thus, Plaintiff cannot now amend his Third Amended Complaint to allege that the clinical use of a contract for safety as a diagnostic tool "shocks the conscience," or "violates the decencies of civilized society."

The Court finds that Plaintiff has failed to state a claim under the Due Process Clause. Moreover, Plaintiff has had three opportunities to cure the pleading defects for the due process violations.

Therefore, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Due Process cause of action **WITH PREJUDICE**.

IV.   **CONCLUSION**

The Court **GRANTS** the Motion to Dismiss.

Plaintiff's Second, Third, and Fourth Causes of Action for Due Process Violation, Equal Protection Violation, and False Imprisonment are **DISMISSED WITH PREJUDICE**.

Defendants' Answer is due by no later than September 28, 2012.

This Order Terminates Docket Number 82.

**IT IS SO ORDERED**.

Dated: September 13, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**